UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANTONIO MENDOZA,            )<br>      Petitioner, )<br>            )<br>vs.            )  Case No. 1:15-cv-01208-TWP-MJD<br>            )<br>UNITED STATES OF AMERICA. ) | |

**Entry Discussing Motion for Relief Pursuant to 28 U.S.C. § 2255
and Denying Certificate of Appealability**

On July 23, 2015, Antonio Mendoza filed a post-judgment motion in No. 1:11-cv-00018-TWP-MJD "seeking relief to reopen 60(b)(1) thru 60(b)(6) and/or reconsider Rule 60(b)." As set forth in the Court's July 31, 2015 entry, the Court was required to treat this motion as a new action brought under 28 U.S.C. § 2255. This case was opened, and Mr. Mendoza's § 2255 motion is now before the Court.

**I. Section 2255 Motion**

Mr. Mendoza was convicted in No. 1:04-cr-0155-H/F-1 of various drug offenses. Mr. Mendoza has previously challenged these convictions on two prior occasions via 28 U.S.C. § 2255.

First, on January 3, 2011, Mr. Mendoza filed an action for relief pursuant to 28 U.S.C. § 2255, which reached an adjudication on the merits in No. 1:11-cv-00018-TWP-MJD. Final judgment was entered on July 29, 2013. Mr. Mendoza's request for a certificate of appealability was denied by this Court and by the Seventh Circuit Court of Appeals.

Second, on March 11, 2014, Mr. Mendoza filed a motion for relief from judgment under Rule 60(b)(3). The Court was required to treat that motion, as it did the instant motion, as a new action brought under 28 U.S.C. § 2255. Final judgment was entered on May 9, 2014. Mr. Mendoza did not appeal.

When there has already been a decision on the merits in a federal habeas action, to obtain another round of federal collateral review a petitioner requires permission from the Court of Appeals under 28 U.S.C. § 2244(b). *See Potts v. United States,* 210 F.3d 770, 770 (7th Cir. 2000). This statute, § 2244(b)(3), "creates a 'gatekeeping' mechanism for the consideration of second or successive [habeas] applications in the district court." *Felker v. Turpin,* 518 U.S. 651, 657 (1996); *see Benefiel v. Davis,* 403 F.3d 825, 827 (7th Cir. 2005); *United States v. Lloyd,* 398 F.3d 978, 979-80 (7th Cir. 2005). A subsequent motion is "second or successive" within the meaning of the statute when the same underlying conviction is challenged. *See Dahler v. United States*, 259 F.3d 763 (7th Cir. 2001).

The present action is yet another attempt to collaterally challenge the conviction in No. 1:04-cr-0155-H/F-1, however, it is presented without authorization to proceed from the Court of Appeals. Accordingly, the action must be **dismissed for lack of jurisdiction** pursuant to Rule 4 of the *Rules Governing Section 2255 Proceedings for the United States District Courts.* Judgment consistent with this Entry shall now issue.

**This entry shall be docketed in the underlying criminal action, No. 1:04-cr-0155-TWP-MJD-1.**

## II. Denial of Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing § 2255 Proceedings*, and 28 U.S.C. § 2253(c), the Court finds that Mr. Mendoza has failed to show that reasonable jurists would find it "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 8/3/2015

*TANYA WALTON PRATT, JUDGE*
United States District Court
Southern District of Indiana

Distribution:

Antonio Mendoza, 74707-179
Victorville U.S. Penitentiary
Inmate Mail/Parcels
P.O. Box 3900
Adelanto, CA 92301

**Note to Clerk: Processing this document requires actions in addition to docketing and distribution.**