UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

UNITED STATES OF AMERICA                    Case No. 1:04-cr-155-TWP-MJD-01

                                            ORDER     ON     MOTION     FOR
v.                                          SENTENCE   REDUCTION   UNDER
                                            18 U.S.C. § 3582(c)(1)(A)
ANTONIO MENDOZA                             (COMPASSIONATE RELEASE)


        Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction

in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided

in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:04-cr-00155-TWP-MJD |
| | ) | |
| ANTONIO MENDOZA, | ) | -01 |
| | ) | |
| Defendant. | ) | |

## ORDER

This matter is before the Court on Defendant Antonio Mendoza Motion Seeking Compassionate Release under 18 U.S.C. § 3582(c)(1)(A).[1] For the reasons explained below, Mr. Mendoza's motion is **denied**.

## I. Background

In 2008, a jury found Mr. Mendoza guilty of conspiracy to possess and distribute methamphetamine, 21 U.S.C. §§ 846, 841(a)(1), and possession with intent to distribute, *id.* § 841(a)(1). *United States v. Mendoza*, 346 F. App'x 112, 113–14 (7th Cir. 2009). Testimony at trial established that Mr. Mendoza used at least three others to deliver his methamphetamine and that Mr. Mendoza supplied the methamphetamine for a controlled buy in January 2002. *Id.* at 116. The court sentenced Mr. Mendoza to life imprisonment, the mandatory minimum sentence given

---

[1] Mr. Mendoza also references home confinement as an alternative to release. Dkt. 49 at 3. Pursuant to statute, the location of a prisoner's confinement is the sole province of BOP, and its placement decisions are "not reviewable by any court." 18 U.S.C. § 3621(b). The Court therefore does not have the authority to order the remainder of Mr. Mendoza's sentence to be served on home confinement. *See United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021) (district court lacks authority to order transfer to home confinement). Instead, in accordance with § 3582(c)(1)(A), the Court considers whether to reduce Mr. Mendoza's sentence to time served. *See United States v. Millbrook*, 840 F. App'x 25, 27 (7th Cir. 2021) (finding no error when district court failed to discuss defendant's alternative request for transfer to home confinement because the court had no authority to grant the request under § 3582, which authorizes only sentence "reductions").

the quantity of drugs and Mr. Mendoza's prior felony drug convictions. *Id.* (citing 21 U.S.C. § 841(b)(1)(A)).

Mr. Mendoza filed a pro se motion for compassionate release. Dkt. 36. The Court appointed counsel to represent him, dkt. 38, and appointed counsel filed a supporting memorandum on his behalf, dkt. 49. Mr. Mendoza argues that "extraordinary and compelling reasons" warrant release within the meaning of § 3582(c)(1)(A)(i) because he would face a shorter sentence if sentenced today, and he suffers from medical conditions (advanced age (52), morbid obesity, type II diabetes, hypertension and depression) that increase his risk of suffering severe symptoms if he contracts COVID-19 again.[2] *Id.* The United States responded in opposition, arguing that while Mr. Mendoza suffers from conditions that increase his risk of severe illness from COVID-19, he would pose a danger to the community if released, and the sentencing factors in 18 U.S.C. § 3553(a) weigh against release. Dkt. 51. Mr. Mendoza filed a reply. Dkt. 58. Pursuant to an order from the Court, dkt. 59, the United States filed a supplement and informed the Court that because Mr. Mendoza was now fully vaccinated, the threat posed by COVID-19 does not constitute an extraordinary and compelling reason for a sentence reduction in his case, dkt. 62.

After Mr. Mendoza's motion was ripe, the Court ordered him to show cause why his motion should not be denied because it was foreclosed by the rationales of the Seventh Circuit's opinions in *United States v. Thacker*, 4 F.4th 569 (7th Cir. 2021), and *United States v. Broadfield*, 5 F.4th 801 (7th Cir. 2021). Dkt. 70. Mr. Mendoza filed a response. Dkt. 72. In his reply, Mr. Mendoza

---

[2] Mr. Mendoza also briefly references health issues that he is experiencing recently, including severe pain, chest palpitations, and dangerously high blood pressure that required a trip to the emergency room. Dkt. 72 at 2. He reports that BOP medical staff has determined that he is suffering from calcified gallstones. Mr. Mendoza states that despite his pain, the BOP does not have a plan in place to address his situation. It does not appear to the Court that Mr. Mendoza is attempting to raises these issues as a separate extraordinary and compelling reason to grant release. Dkt. 72 at 2 ("This is certainly important to the Court's consideration of the harshness of the sentence it imposed."). Even if he was making such an attempt, allegations regarding Mr. Mendoza's medical care are properly raised as a civil action in his district of confinement, not in a motion for a sentence reduction under § 3582(c)(1)(A). *See United States v. Dotson*, 849 F. App'x 598, 601 (7th Cir. 2021).

3

acknowledges that he is now vaccinated, but nevertheless argues that (1) the efficacy of the vaccine is unclear, especially against variants; (2) the vaccine may not be effective for him in light of his medical conditions, and (3) the duration of any immunity conferred by the vaccine is undetermined. Dkt. 72 at 5-8. Thus, his motion for compassionate release is ripe for review.

## II. Discussion

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that a court has broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

Mr. Mendoza's first reason for requesting a sentence reduction—that he would likely receive a shorter sentence if sentenced today because of changes to 21 U.S.C. §§ 841 and 851 — is not an extraordinary and compelling reason warranting relief under § 3582(c)(1)(A)(i), whether standing alone or in connection with any other factors. *See United States v. Thacker*, 4 F.4th 569, 574 (7th Cir. 2021) (holding that the non-retroactive change to the mandatory minimum sentence under 18 U.S.C. § 924 cannot be an extraordinary and compelling reason for relief under § 3582(c)(1)(A)(i)); *see also United States v. Carr*, No. 21-3108, 2022 WL 1421441, at *1 (7th

Cir. May 5, 2022) ("Changes in sentencing law are not extraordinary and compelling reasons for compassionate release.").

Mr. Mendoza's other reason for requesting a sentence reduction—the risk he faces from the COVID-19 pandemic in light of his medical conditions—is also unavailing. "[F]or the many prisoners who seek release based on the special risks created by COVID-19 for people living in close quarters, vaccines offer far more relief than a judicial order. . . . [F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release." *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021). The Seventh Circuit has repeatedly affirmed that the risk an inmate faces from COVID-19 cannot be an extraordinary and compelling reason warranting release under § 3582(c)(1)(A)(i) unless the inmate shows that he cannot "receive or benefit from a vaccine." *Id.*; *see also United States v. Clemons*, No. 21-2440, 2022 WL 1436801, at *2 (7th Cir. May 6, 2022) ("Despite the threat of new coronavirus variants, we reiterated that an inmate's risk of COVID-19 cannot justify compassionate release absent an inability to receive or benefit from a vaccine.") (cleaned up). Mr. Mendoza is fully vaccinated against COVID-19. *See* dkt. 62-1. But he has presented no evidence that he is unable to receive or benefit from the vaccine.[3] Additionally, Mr. Mendoza "has not presented any evidence establishing that he is more at risk for an adverse

---

[3] In his submissions, Mr. Mendoza argues that his vaccination does not preclude a finding of extraordinary and compelling reasons warranting relief based on COVID-19 risk because "people with certain underlying medical conditions, like Mr. Mendoza, may not be protected by vaccination." Dkt. 58 at 3. Defendant bears the burden of showing that extraordinary and compelling reasons warrant relief, and such speculative statements fall short of meeting that burden. Defendant cites to an article about pre-COVID studies showing that being obese increases the likelihood of a poor vaccine-induced immune response. *Id.* at 5. Such studies fail to show that Mr. Mendoza cannot benefit from the COVID-19 vaccine. Mr. Mendoza also points to a news article discussing how certain medications may reduce the COVID-19 vaccine's efficacy, but he puts forth no evidence that he is taking medications that actually do so. Finally, Mr. Mendoza argues that prior studies have also shown impaired antibody response to vaccines in individuals with diabetes, but the article that he cites specifically states that "with recent advances in the development of vaccines, people with DM are able to mount an appropriate immune response post-vaccination." *See* https://www.ncbi.nlm.nih.gov/pmc/articles/PMC7904463 (last accessed May 17, 2022). The article also states that "[w]ith clinical data supporting a robust neutralizing antibody response in COVID-19 patients with DM, vaccination in individuals with DM [diabetes mellitus] is justified." *Id.*

outcome in prison than he would be if released." *United States v. Barbee*, 25 F.4th 531, 533 (7th Cir. 2022). Specifically, he has not presented "data showing that vaccinated prisoners are at materially greater risk of breakthrough infections than other vaccinated persons." *United States v. Avila*, No. 21-2383, dkt. 19 (7th Cir. Feb. 15, 2022). Accordingly, Mr. Mendoza has failed to carry his burden to show that the risk of COVID-19 presents an extraordinary and compelling reason for release.

Given the determination that Mr. Mendoza has not shown extraordinary and compelling reasons to justify his release, the Court need not address whether the sentencing factors listed in 18 U.S.C. § 3553(a) weigh in favor of his release.

### III. Conclusion

For the reasons stated above, Mr. Mendoza's motion for compassionate release, dkt. [36], is **denied**.

**IT IS SO ORDERED.**

Date: 6/1/2022

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel